**SO ORDERED.**

**SIGNED this 23rd day of June, 2014.**



_____
Robert E. Nugent
United States Chief Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |  |
|---|---|---|---|
| In re: CHRISTY LYNN ZARATE | ) | Case no. | 14-10374 |
|  | ) | Chapter | 13 |
| Debtor(s) | ) |  |  |

*Electronically Filed*

## ORDER MODIFYING AND CONFIRMING
## PLAN SUBJECT TO VALUATION

At Wichita, Kansas on June 11, 2014, a hearing of the application for confirmation of the plan in the above proceedings was held; creditor, Meritrust Credit Union, appeared by attorney J Michael Lehman, the Debtor(s) appeared by attorney, William H Zimmerman Jr; the Trustee appeared in person; and any additional appearances made as recorded in the official minutes; whereupon,

The Debtor's proposed plan is submitted to, and examined by the Court; objections to confirmation, if any, are heard by the Court; and having heard the evidence, examined the plan and statements of interested parties, the Court finds the plan as presented for confirmation complies with the provisions of Chapter 13, Title 11, of the United States Code;

THEREUPON, the Court, finding that the provisions of said chapter have been complied with;

ORDERS that the Debtor's plan shall be confirmed subject to resolution of the value of the collateral securing the claim of Meritrust Credit Union, and any modification of the plan required as a result thereof. If a value cannot be agreed upon within thirty (30) days from the date of this Order, counsel shall request a pre-trial conference, or request the Trustee to appoint an independent appraiser to determine the value. Absent an agreed value, or a request by counsel as stated above, the Trustee shall file a motion to set aside this Order, and the case shall be reconsidered for confirmation.

Document3/jen/6/19/2014

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
In re: Chapter 13, Case No. 14-10374
CHRISTY LYNN ZARATE
June 19, 2014
Page 2
ORDER MODIFYING AND CONFIRMING PLAN SUBJECT TO VALUATION

IT IS FURTHER ORDERED that the Debtor(s) shall make plan payments to the Trustee in the monthly amount of $220.00, as required by the Plan as confirmed herein. If Debtor's employer has been ordered to make the Plan payment but does not, then Debtor shall remit the plan payments directly to the Trustee. The Debtor(s) is ultimately responsible to timely make all Plan payments. If the Debtor(s) does not cause such payments to be timely made, the Trustee may request, and the Court may order, without further notice, an order directing the Debtor(s) employer to make the appropriate deductions and payments to the Trustee.

IT IS FURTHER ORDERED that the Debtor's plan shall be modified as follows:

1. The debtor shall pay to the Trustee plan payments in the amount of $220.00 per month, for a period of fifty-eight months, but in any event no less than thirty-six months, until a total of $12,760.00 has been paid under the plan.

IT IS FURTHER ORDERED that should the Debtor(s) change either his address or employment, the Debtor(s) shall immediately notify the Court and the Trustee of same, in writing. Notice of a change in employment shall include the name and appropriate mailing address for the payroll department of the new employer.

IT IS FURTHER ORDERED that the Debtor(s) shall not incur any additional debts during the pendency of the plan without prior approval by the Court or by the Trustee, except debts that may be necessary for the protection and preservation of the life, health or property, such as food, clothing, lodging or medical care for the Debtor(s) and family. During the pendency of this case, Debtor(s) is enjoined and prohibited from selling, encumbering, or in any manner disposing of assets without prior order of the Court, except as may be required in the course of Debtor's business, if Debtor(s) is engaged in business.

IT IS FURTHER ORDERED that the Debtor(s) shall timely file all tax returns that become due during the pendency of the case, and provide a copy to the Trustee at the same time the return is filed, if requested by the Chapter 13 Trustee.

IT IS FURTHER ORDERED that the amount of the pre-petition mortgage note arrearage, if any, as specified in real estate creditor's proof of claim, shall govern, unless the amount is specifically controverted in the plan or by an objection to the claim as required by D. Kan. L.B.R. 3015(b)1. Creditors will be bound by the interest rate stated in the plan, unless modified by a separate order.

IT IS FURTHER ORDERED that if the Debtor(s) pays the pre-petition arrearage as determined in the foregoing paragraph, together with interest, if any, as specified in the plan, all pre-petition defaults will be cured and the note and other loan documents will be deemed current as of the date of filing, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events.

IT IS FURTHER ORDERED that the amount to be paid to unsecured creditors, in an above median case, shall be determined in accordance with Line 59 of B22C or an order of the Court to the contrary.

Document3/jen/6/19/2014

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
In re: Chapter 13, Case No. 14-10374
CHRISTY LYNN ZARATE
June 19, 2014
Page 3
ORDER MODIFYING AND CONFIRMING PLAN SUBJECT TO VALUATION

IT IS FURTHER ORDERED that the Trustee is authorized to deduct a floating percentage fee up to the statutorily allowed maximum as an administrative fee.

IT IS FURTHER ORDERED that after approval of the Trustee's Final Report and Account by the Court, all property of the bankruptcy estate that is not proposed or reasonably contemplated to be distributable under the Plan, shall re-vest in Debtor as Debtor's property following dismissal or discharge.

IT IS FURTHER ORDERED that confirmation of this plan is a finding that the Debtor(s) has complied with all of the applicable provisions of 11 U.S.C. §§ 1322 and 1325 and that the Debtor(s) has fulfilled all pre-confirmation obligations under 11 U.S.C. § 521.

IT IS FURTHER ORDERED that the Trustee shall mail to the Debtor(s) and file with the Court a report showing the funds received and the disbursements made by her at least once each six months.

IT IS FURTHER ORDERED that all funds which remain unclaimed ninety days after distribution of the final dividend shall be processed and deposited as provided by Bankruptcy Rule 3011.

IT IS SO ORDERED.

# # #

APPROVED:

*s/Laurie B. Williams*
Laurie B. Williams, S. Ct. #12868
Standing Chapter 13 Trustee
300 W. Douglas Ave., Suite 650
Wichita KS 67202-2916
lbwsig@wichita13trustee.com
(316) 267-1791

*s/William H. Zimmerman*
William H. Zimmerman, S. Ct. #10284
Attorney for debtor(s)
229 E. William #100
Wichita KS 67202
(316) 262-5500

Document3/jen/6/19/2014

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:     CHRISTY LYNN ZARATE                 )          Case no.    14-10374          *Electronically Filed*
                                               )          Chapter    13
                                   Debtor(s)   )

## CERTIFICATE OF SERVICE ON ORDER MODIFYING
## AND CONFIRMING PLAN SUBJECT TO VALUATION

I hereby certify that a true and correct copy of the ORDER MODIFYING AND CONFIRMING PLAN SUBJECT TO VALUATION was served, either electronically, or deposited in the United States mail, first-class postage prepaid on June 19, 2014 to the following:

J MICHAEL LEHMAN
ATTORNEY FOR MERITRUST CREDIT UNION
P O BOX 75037
WICHITA, KS  67275-5037

*s/Jennifer L. Haury*
Jennifer L. Haury, Case Analyst
For Laurie B. Williams, S. Ct. #12868
Standing Chapter 13 Trustee
300 W. Douglas Ave., Suite 650
Wichita KS 67202-2916
(316) 267-1791

Document3/jen/6/19/2014